UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ZAVTRA ENTERPRISES, INC., and
KENNETH SCHNEIDER,

        Plaintiffs,

Case No. 08-13031

Honorable John Corbett O'Meara

v.

PHILLIP FISCHER, BARBARA MEHR, and
WINDEY ROAD ENTERTAINMENT
COMPANY, jointly and severally,

        Defendants.
                                     /

**OPINION AND ORDER GRANTING IN PART
DEFENDANT MEHR'S DECEMBER 22, 2008 MOTION**

      This matter came before the court on defendant Barbara Mehr's December 22, 2008 Motion to Stay Proceedings and Compel Arbitration. Plaintiffs filed a response January 5, 2009; and defendants Phillip Fischer and Windey Road Entertainment also filed a response January 5, 2009. Defendant Mehr filed a reply January 12, 2009. Oral argument was heard February 26, 2009.

**BACKGROUND FACTS**

      On March 14, 2008, defendant Barbara Mehr, on behalf of Cleaves, L.L.C., and plaintiff Kenneth Schneider, on behalf of plaintiff Zavtra Enterprises, executed an Asset Purchase Agreement ("APA") between Cleaves and Zavtra. Under the terms of the Agreement, Cleaves agreed to sell and Zavtra agreed to buy, among other things, Cleaves' rights in numerous Internet domain names. Plaintiffs Schneider and Zavtra filed this suit against Mehr and co-defendants Philip Fischer and Windey Road Entertainment Company for a variety of claims stemming from the execution of the APA and a related consulting agreement entered into by Fischer and Schneider and Schneider's

spouse Liudmila Novikova also on March 14, 2008. The APA and consulting agreement incorporate one another by reference.

Under the terms of the APA, Cleaves, the limited liability corporation which is not a party to this action, also agreed to sell and Zavtra agreed to buy "[t]raining and provid[e] information relating to procedures and techniques for buying and selling Internet domain names and developing flash websites" as set forth in the related consulting agreement between Zavtra and Fischer.

The APA contains an arbitration clause, pursuant to which the parties agreed to resolve any dispute relating to the APA before the American Arbitration Association. Specifically, the agreement reads that "if any dispute relating to or arising from this Agreement cannot be settled by the parties, then the dispute shall be resolved by arbitration in Annapolis, Maryland, in accordance with the Commercial Arbitration Rules of the American Arbitration Association existing at the date of submission." Ex. A, § 8.13.

Plaintiffs have brought suit alleging 12 claims against Defendants; however, they have not alleged breach of contract. Also, Plaintiffs have not brought suit against Cleaves, the seller under the APA, although Plaintiffs do allege under Count I that "Cleaves, LLC was a mere instrumentality of Barbara Mehr and/or Phil Fischer" and therefore request the court to pierce [Cleaves'] corporate veil.

In her motion, defendant Mehr seeks to stay these proceedings and compel arbitration as provided for in the APA. Co-defendants Fischer and Windey Road contend that the claims against them are not subject to the arbitration clause, but they concur with the portion of the motion to stay the proceedings. Plaintiffs are opposed to arbitration of any of their claims as well as any stay of the proceedings.

**LAW AND ANALYSIS**

The Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq.*, governs the enforcement of arbitration provisions like that contained in the APA in this suit. The Act provides, in part:

> A written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2.

The Act further provides that if the court finds that the making of an arbitration agreement is not at issue, the court "shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4. The court is also empowered to stay proceedings in this action until arbitration has been had in accordance with the terms of the arbitration agreement. 9 U.S.C. § 3.

The United States Court of Appeals for the Sixth Circuit has established that "[a]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." Javitch v. First Union Sec., Inc., 315 F.3d 619, 624 (6th Cir. 2003).

In cases in which plaintiffs have styled their claims to sound in tort rather than in contract in an effort to seek the benefits of an agreement without also being bound by the arbitration-selection clause contained therein, the approach has been disfavored by the courts. The fact that a plaintiff's claims do not sound in contract is not evidence that their claims do not arise out of the agreement. See Fazio v. Lehman Bros., Inc., 340 F.3d 386, 395 (6th Cir. 2003) (finding that various fraud claims

3

were within the scope of the arbitration provision because the action could not be maintained without reference to the contract or relationship at issue).

In this case, defendant Mehr signed the APA on behalf of Cleaves, L.L.C.  Count I of the complaint asks this court to pierce Cleaves' corporate veil because defendants Mehr and Fischer allegedly used Cleaves to perpetrate a fraud.  Courts have found that when claims are inherently inseparable from claims that would have been brought under the underlying agreement, sufficient grounds exist to compel non-signatories to arbitration.  The arbitration provision in the APA encompasses the claims Plaintiffs have brought against defendant Mehr; thus, the court is compelled to refer those claims to arbitration as contemplated by the APA.

It appears, however, that despite defendant Mehr's motion to compel to arbitration all of the claims against all of the defendants, courts have generally refused to do so unless the non-signatory defendants voluntarily agree to submit to arbitration.  Defendants Fischer and Windey Road have indicated that they do not agree to arbitrate, although they do concur in defendant Mehr's motion to stay the proceedings through the duration of the arbitration of Plaintiffs' claims against Mehr.  Without their consent, the court will not compel to arbitration the claims against defendants Fischer and Windey Road Entertainment; however, it will stay those claims pending arbitration between the other parties.

## ORDER

It is hereby **ORDERED** that defendant Barbara Mehr's December 22, 2008 motion to stay proceedings and compel arbitration is **GRANTED IN PART.**

It is further **ORDERED** that the claims against defendant Barbara Mehr are referred to arbitration.

It is further **ORDERED** that the claims against defendants Phillip Fischer and Windey Road Entertainment Company are **STAYED** pending arbitration between the other parties to this action.

s/John Corbett O'Meara
United States District Judge

Date:  March 6, 2009

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, March 6, 2009, by electronic and/or ordinary mail.

s/William Barkholz
Case Manager
